IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXA MORTGAGE, LLC,<br><br>               Petitioner,<br>  v.<br><br>DAMIAN DIAZ, individually, and on behalf of all others similarly situated,<br><br>               Respondent. | Case No. 24-cv-00061-BEN-MMP<br><br>**ORDER GRANTING MOTION TO EXTEND TIME TO EFFECTUATE SERVICE**<br><br>**[ECF No. 3]** |

### I.   **INTRODUCTION**

Before the Court is Petitioner NEXA Mortgage, LLC's motion for a 90-day extension of time to effectuate service. ECF No. 3-1. Petitioner commenced this litigation on January 8, 2024 pursuant to 9 U.S.C. § 16(a)(1)(A) petitioning the Court to hear an appeal stemming from a California Superior Court decision granting-in-part a motion to compel arbitration and stay proceedings. ECF No. 1. Under Federal Rule of Civil Procedure 4(m), Petitioner had until April 7, 2024 to serve Respondent. On April 18, 2024, Plaintiff filed the instant motion seeking an extension of time to effectuate service.

## II. LEGAL STANDARD

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see also* S.D. Cal. Civ. R. 41.1(a) (providing that "[a]ctions or proceedings which have been pending for more than six months, without any proceeding or discovery having been taken therein during such period, may, after notice, be dismissed by the court for want of prosecution"); *States S. S. Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970) (affirming "[t]hat a court has power to dismiss an action for want of prosecution on its own motion, both under Rule 41 (b), Fed. R. Civ. P., or under its local rule, or even in the absence of such rules, is settled in this circuit"). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "The court may even extend time for service retroactively after the Rule 4(m) service period has expired." *Valdez v. City of Whittier*, No. 2:23-cv-4668-SPG-KS, 2024 WL 1136322, at *1 (C.D. Cal. Jan. 19, 2024) (citing *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003))

"The Ninth Circuit has found it 'unnecessary . . . . to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m),' and has 'noted only that, under the terms of the rule, the court's discretion is broad." *Turner v. United States*, No. 06-cv-1236-JLS-POR, 2008 WL 11337559, at *1 (S.D. Cal. Apr. 10, 2008) (quoting *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001)); *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) ("District courts have broad discretion to extend time for service under Rule 4(m).") Even absent good cause, courts have discretion to extend the time for service under Rule 4(m). *In re Sheehan*, 253 F.3d at 513; *Efaw*, 473 F.3d at 1041. "In the absence of good cause, district courts should consider several equitable factors in the

exercise of their discretion." *Lien v. City of San Diego*, No. 21-cv-224-MMA-WVG, 2023 WL 2394548, at *4 (S.D. Cal. Mar. 6, 2023) (citing *Efaw*, 473 F.3d at 1041). Factors the court may consider include "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw*, 473 F.3d at 1041 (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

### III. DISCUSSION

Petitioner argues that since filing the petition and initiating litigation, counsel for both Petitioner and Respondent "have been engaging in several meet-and-confer conversations over the phone and via email . . . ." ECF No. 3-1 at 2. Petitioner contends that the parties have "discussed the merits of the matter and resolution of the overall dispute without the expenditure of Court resources while conserving their legal fees." *Id.* at 3. Petitioner states that the parties have agreed to mediation and are working out the details. *Id.* at 4. Petitioner further asserts that the minimal delay of filing the instant motion and "requested extension will not substantively impact the course of the litigation nor any potential strategy." *Id.* Petitioner notes that it asked whether counsel for Respondent would accept service but did not receive a response, and the parties continued discussing other issues. *Id.* Petitioner reiterates that the basis of the delay is "founded in good faith as a result of the Parties' effort to engage in meaningful discussions on the merits of the case . . . and exploring mediation." *Id.*

Here, Petitioner did not substantially comply with Rule 4(m), because the time to serve Respondent expired on April 7, 2024. Petitioner fails to explain why it has note effectuated service when it is engaged in ongoing discussions with Respondent. However, it appears that Respondent is aware of the Petition, given these ongoing discussions and the representation that Petitioner emailed a copy of the petition to Respondent's counsel on the same day of filing. *See* ECF No. 3-1, Ex. A at 7. In addition, the instant motion to extend also appears to have been electronically served on Respondent's counsel, by email. *See* ECF No. 4 (Proof of Service). As such, the concern of actual and eventual notice—given the apparent communications between the parties—

weighs in favor of granting the extension. The same is true for prejudice to Respondent, seeing that Respondent is aware of the lawsuit and the deadline to serve only recently expired.

Furthermore, although the Ninth Circuit has not clearly held that informal settlement discussions constitute good cause for purposes of Rule 4(m), that need not be decided here. Other courts have allowed extensions when parties are engaged in settlement discussions, but no good cause exists for the delay in service. *See Full Circle Sales, Inc. v. Organic All., Inc.*, No. 10-cv-01615-LHK, 2010 WL 3324707, at *1 (N.D. Cal. Aug. 20, 2010) (granting an extension absent good cause, where it appeared the defendant had actual notice and settlement discussions were ongoing); *cf. Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1036 (N.D. Cal. 2015) (finding no good cause but denying a motion to dismiss and permitting an extension where there was actual notice and the parties were engaged in settlement discussions). The Court finds that granting the motion will advance judicial economy and make for efficient use of the parties' resources. However, the Court finds a 90-day extension excessive in this case, given the ongoing communications between the parties.

Accordingly, the Court exercises its broad discretion and **GRANTS-IN-PART** Petitioner's motion and extends the deadline to effectuate service to June 17, 2024. If service is not effectuated by this date, the case will be dismissed.

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS-IN-PART** Petitioner's motion and extends the deadline to effectuate service to June 17, 2024.

**IT IS SO ORDERED.**

Dated: May 16, 2024

_____
Hon. Roger T. Benitez
United States District Court Judge